IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRENDA LEE FORD,** § | |
| Petitioner, § | |
| § | |
| vs. § | Civil Action No. 4:09-CV-145-Y |
| § | |
| **W. ELAINE CHAPMAN, Warden,** § | |
| Federal Medical Center-Carswell, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Brenda Lee Ford, Reg. No. 26255-077, is a federal prisoner who is confined in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

**C.   PROCEDURAL HISTORY**

In 1995 Ford was sentenced to a 324-month term of imprisonment for her drug-related federal convictions in this court. (Resp't Exhibit, Declaration of Forest B. Kelly) *United States v.*

*Ford*, Criminal Docket # 4:95-CR-016-Y. Her sentence was reduced on May 23, 2008, to a 262-month term of confinement. (*Id.*) Her projected release date with good conduct time is February 25, 2014. (*Id.*) Ford has filed this petition for writ of habeas corpus challenging the Bureau of Prison's calculation of her good time credit under 18 U.S.C. § 3624(b). Chapman has filed a motion to dismiss the petition for lack of subject matter jurisdiction or, in the alternative, a response on the merits with supporting brief and documentary exhibits, to which Ford replied.

**D.    DISCUSSION**

Ford contends the Bureau of Prisons is calculating her good time credits in a manner that conflicts with the plain meaning of 18 U.S.C. § 3624(b). The statutory provision provides, in relevant part:

> (1)  Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Ford contends that the good-time statute unambiguously entitles inmates to 54 days of credit for each year of the sentence imposed, rather than the time the inmate actually serves. (Petition at 4-5) In the alternative, she argues that even if the statute were ambiguous, she should benefit from the "rule of lenity." (*Id.*)

2

A court lacks subject matter jurisdiction over a prisoner's § 2241 petition, wherein the petitioner, like Ford, argues that the BOP is miscalculating her good time credit under § 3624(b) when she is not yet eligible for release from prison. *See Sample v. Morrison*, 406 f.3d 310, 312 (5th Cir. 2007). The petition is not ripe for review because Ford cannot establish that she would sustain immediate injury that could be redressed by the relief requested. *Id.* Even if Ford's petition for relief were not premature, her argument would be foreclosed under present Fifth Circuit case law. *Moreland v. Fed. Bur. of Prisons*, 431 F.3d 180, 186 (5th Cir. 2005), *cert. denied*, 547 U.S. 1106 (2006).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted and Ford's petition for writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 22, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 22, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE